IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff-Respondent,<br><br>     v.<br><br>Walter E. REYMUNDO-LIMA,<br><br>          Defendant-Movant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:14-cv-00841<br><br>Judge Robert J. Shelby |

Defendant-Movant Walter E. Reymundo-Lima was convicted in 2002 for transporting illegal aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(A)(v)(II).  Mr. Reymundo-Lima now moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, on the basis that he was denied effective assistance of counsel.  (Dkt. Nos. 1, 7.)

For the reasons stated below, the Motion is denied.

### BACKGROUND

The court will recite only those facts necessary to the resolution of the Motion.  Unless otherwise noted, all facts are taken from Mr. Reymundo-Lima's Motion, and are not contested by the United States.

Mr. Reymundo-Lima is a native and citizen of El Salvador.  He entered the United States in early 1999 without inspection or admission, where Customs and Border Patrol agents soon after took him into custody.  He was released based on his promise to appear at removal proceedings in front of an immigration judge.  Mr. Reymundo-Lima failed to appear at the

1

removal proceedings, which later took place in Texas, and he was ordered removed *in absentia*. (Dkt. 7, pp. 4-5.)

In 2001, while still within the United States, Mr. Reymundo-Lima applied for Temporary Protected Status. His application has been pending since that time. After immigration officials provided him with an Employment Authorization Document, he worked for some time at a department store.

In late June 2002 Mr. Reymundo-Lima embarked on a trip from Los Angeles. He then picked up several additional passengers in Arizona. On June 30, 2002, he was pulled over while driving in Utah. The officer arrested Mr. Reymundo-Lima and others in the car, bringing them to Durango, Colorado for administrative processing before Immigration and Naturalization Services (INS).

On July 10, 2002, Mr. Reymundo-Lima was charged in this court with one count of violating two provisions of the Immigration and Nationality Act. 8 U.S.C. § 1321, *et seq*. The Indictment alleged that Mr. Reymundo-Lima's passengers were aliens who he was transporting through the United States in knowing or reckless disregard of their illegal entry into the United States. Mr. Reymundo-Lima eventually entered a guilty plea, which was accepted by this court.

On December 2, 2002, Mr. Reymundo-Lima was sentenced to 12 months in the custody of the U.S. Bureau of Prisons, to be followed by a 36-month term of supervised release. (Dkt. 9, p. 3.) He was also ordered to be delivered to INS for deportation following the completion of his custodial sentence. Mr. Reymundo-Lima was released from his incarceration in Southern California on June 27, 2003. Immigration and Customs Enforcement (ICE) then detained Mr. Reymundo-Lima and deported him to El Salvador on August 11, 2003, without any further proceedings, based on the removal order previously entered in Texas.

Mr. Reymundo-Lima remained in El Salvador until December 2005, when he entered the United States without permission a second time. He resided in Las Vegas, Nevada, until October 23, 2013, when he was detained again by ICE and referred to the Attorney General for prosecution under 8 U.S.C. § 1326 as a "deported alien found unlawfully in the United States." (Dkt. 7, p. 7.)

Mr. Reymundo-Lima is presently in the custody of the U.S. Customs and Border Protection at the Southern Nevada Detention Center. His criminal case remains ongoing before the United States District Court for the District of Nevada.

Mr. Reymundo now moves under 22 U.S.C. § 2255 to vacate his 2002 conviction, on the basis that he was not afforded effective assistance of counsel. *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (holding that a plea agreement, even if it purports to waive post-conviction rights, "does not waive the right to bring a §2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea.").

## ANALYSIS

**A. Jurisdiction**

"A collateral challenge under 28 U.S.C. § 2255, like a habeas corpus proceeding, is available only to attack (1) a federal sentence under which the defendant is in custody at the time of initiating the petition… or (2) a federal sentence that has been ordered to run consecutively to a another sentence under which the defendant is in custody at the time of filing the challenge." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (internal citations omitted). In addition to being "in custody" at the time of his petition, Mr. Reymundo-Lima must also bring the action within one year of "the date on which the facts supporting the claim or claims

presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

Both of these requirements are jurisdictional prerequisites to consideration of the merits of a Section 2255 motion. "The facts supporting jurisdiction must be affirmatively alleged, and if challenged, the burden is on the party claiming that the court has subject matter jurisdiction." *Bustillos*, 31 F.3d at 933. The United States opposes Mr. Reymundo-Lima's motion on the grounds that he fails to satisfy either requirement.

The court concludes that Mr. Reymundo-Lima has not met his burden to demonstrate that he is "in custody" for purposes of 22 U.S.C. § 2255. Because jurisdiction is lacking on this basis, the court will not decide whether Mr. Reymundo-Lima timely brought the action, nor may the court reach the merits of his claim of ineffective assistance of counsel.

**B. "In Custody" Requirement**

The "in custody" requirement is set by statute, and the court must give effect to the policy determination it represents. *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004) *abrogated on other grounds*, *Padilla v. Kentucky*, 559 U.S. 356 (2010). Exceptions exist only when counsel is not appointed, in violation of the Sixth Amendment, or where no other channel of review is available for reasons beyond the petitioner's control. *Id.* Mr. Reymundo-Lima does not argue in support of either exception.

To support jurisdiction, Mr. Reymundo-Lima principally invokes *United States v. Zamora-Marquez*. 565 F. App'x 695, 697 (10th Cir. 2014) (unpublished decision). In *Zamora-Marquez*, the appellant pled guilty to possession of marijuana with the intent to distribute. After serving a ten-month sentence, the appellant was detained by United States immigration authorities. Addressing the "in custody" requirement, the Tenth Circuit said that appellant's

"immigration-related detention… satisfies the in-custody requirement for purposes of statutory jurisdiction under § 2255." *Id.* at 697 n.1. Mr. Reymundo-Lima argues that *Zamora-Marquez* applies with equal force to the present facts, and supports jurisdiction for his case. (Dkt. 7, pp. 12-15.)

The United States disagrees that *Zamora-Marquez* controls. The United States points instead to *Broomes*,[1] where the Tenth Circuit said that defendants making a collateral challenge must be "'in custody' under the conviction or sentence under attack when they file the petition." 358 F.3d at 1254. The court held that federal immigration custody did not satisfy the "in custody" requirement for a challenge to an expired conviction, even when the present detention rested on the earlier conviction. The United States argues that *Broomes* controls the instant case, and that to the extent *Broomes* is in "direct conflict" with *Zamora-Marquez*, the court should rely on a binding published precedent rather than a persuasive but unpublished decision. (Dkt. 9, pp. 4-5.)

As both parties agree, *Zamora-Marquez* can only provide persuasive authority. Yet an unpublished decision can often help demonstrate the circuit's understanding of its own binding precedents. Though *Broomes* clearly controls, the court cannot assume that *Zamora-Marquez* was in tension with the Circuit's own prior precedent. In the court's view, *Zamora-Marquez* does not decide this case, but not because it is unpublished. Rather, *Zamora-Marquez* is factually distinguished.

After serving his sentence for the conviction he now seeks to attack, Mr. Reymundo-Lima was out of custody for several years, from the end of his supervised release in 2006 to his

---

[1] *Broomes* dealt with 28 U.S.C. § 2254, governing collateral attacks on state court convictions, rather than 28 U.S.C. § 2255, but the in custody requirements apply with equal force to both motions. *Bustillos*, 31 F.3d at 933.

5

detention in October 2013.  This significant break sharply contrasts with the continuous custody of *Zamora-Marquez*, where the movant was brought into immigration custody immediately after serving his prior sentence.  Though Mr. Reymundo-Lima invokes the "disabilities and burdens" that may survive an earlier conviction even after release, *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968), the "in custody" requirement clearly applies to the time of filing, not the time of decision.  In this view, situations of continuous custody are a narrow extension of the time a movant may be "in custody."  *Zamora-Marquez* stands only for this idea, and not a more expansive right to file a challenge during any future detention or incarceration relating in some way to the original conviction.  On this appropriately narrow reading, Mr. Reymundo-Lima is not presently "in custody" for the conviction he seeks to challenge, even under *Zamora-Marquez*.

Because Mr. Reymundo-Lima does not satisfy the "in custody" requirement of 22 U.S.C. § 2255, the court lacks jurisdiction to consider this case.

## CONCLUSION

Mr. Reymundo-Lima's Motion to Vacate Sentence is hereby **DENIED**.  (Dkt. No. 7.)

SO ORDERED this 8th day of September, 2015.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge